17 F.3d 396
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clarence BRUCE, Defendant-Appellant.
 No. 93-30110.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 4, 1994.
Decided Feb. 1, 1994.
 
 Before: WRIGHT, CANBY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Prior to his trial on sexual assault charges, Clarence Bruce moved the district court to suppress evidence allegedly obtained during an unlawful search. The district court denied the motion and a jury convicted Bruce of aggravated sexual abuse on an Indian Reservation in violation of 18 U.S.C. Secs. 2241(a) and 1153(a). The district court sentenced him to 192 months imprisonment and five years supervised release. Bruce now appeals the denial of the motion to suppress. We affirm.
 
 BACKGROUND
 
 3
 On the evening of October 22, 1988, Barbara Eastman was sexually assaulted by Clarence Bruce and his common law wife, Justine Batt.[1] After the assault, the victim escaped from the Bruce residence and ran naked to a nearby house where she summoned the police. When the police arrived, she told them what had happened and described the house where the crime took place. She described the male suspect and said that she had left her clothes in his house. She also said that the perpetrators had taken photographs of the event and that they had used various instruments on her. The police took the victim to the hospital, where the treating physician found bruises and injuries on her elbows, knees and hips, as well as dried secretions on her abdomen, a bruised cervix, and a one-inch cut on her vaginal wall.
 
 
 4
 Police officers proceeded to the Bruce residence in marked vehicles and parked with the headlights shining on the house. Using the public address system in one of the vehicles and after knocking on the door, the police announced their presence and ordered the occupants out of the house. Nothing happened, so the police stayed put to maintain security.
 
 
 5
 Forty-five minutes to an hour later, Captain Shayne Barney of the Fort Hall Police Department arrived at the residence. He knocked on the front door and repeated the same requests made earlier. Once again, there was no response. While walking around the house toward the back door, Barney noticed a hazy, blue light flickering on a window curtain as if a television was on inside. He knocked on the padlocked back door and received no response. When he returned to the front of the house, he noticed that the front door was barred from the inside. At other times when he had visited the house and no one was home, the front door had been padlocked.
 
 
 6
 Barney noticed an unlocked window and opened it. He stuck his head in, announced his presence once more, and then climbed into the house where he was confronted almost immediately by Justine Batt, who refused consent to search the house.
 
 
 7
 At this point, Barney left to obtain a search warrant. In the affidavit for the search warrant, Barney included information obtained during his brief entry into the house. Specifically, he claimed that he observed "in plain view, some of the victim's clothing, the shoes and shirt."
 
 
 8
 While Barney was obtaining the search warrant, police officers helped Batt take two infants and some bags that were in the house to the home of her sister, Verla Farmer.[2] After Captain Barney obtained a search warrant, the police searched the home and found a Polaroid photograph of Bruce using a dildo on the victim. They also found three dildos, including an electric one (the victim said that she had received an electric shock from one of the dildos), a Polaroid camera, earrings that had been torn from the victim's ears and the victim's shoes. Bruce was arrested near the house soon thereafter.
 
 
 9
 Bruce moved the district court to suppress evidence obtained during the allegedly unlawful search. The district court denied this motion. Following a jury trial, Bruce and Justine Batt were each convicted of aggravated sexual abuse. Bruce now appeals his conviction, alleging that the district court erred in admitting certain evidence because, first, there were no exigent circumstances that would justify the initial warrantless entry into Bruce's home, second, that the search warrant was invalid because it was obtained on the basis of the unlawful initial search, and finally, that Captain Barney also searched the home unlawfully when he peered into its window.
 
 ANALYSIS
 
 10
 We review de novo the district court's decision to deny a motion to suppress. United States v. Ramos, 923 F.2d 1346, 1350 (9th Cir.1991). A judicial officer may issue a search warrant if, under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular location. Illinois v. Gates, 462 U.S. 213, 238 (1983). An issuing judge's finding of probable cause is entitled to great deference and we will not overturn the issuance of a search warrant if the magistrate judge had a "substantial basis" for concluding that the supporting affidavits established probable cause. Ramos, 923 F.2d at 1350. If a search warrant is based on information that was illegally obtained, we next inquire whether the affidavit, purged of the illegally obtained information, still affords the issuing judge a substantial basis for concluding that a search would uncover evidence of wrongdoing. United States v. Grandstaff, 813 F.2d 1353, 1355 (9th Cir.1987).[3]
 
 
 11
 Assuming arguendo that the initial entry was unlawful for lack of exigent circumstances and redacting the information unlawfully obtained from the affidavit, we conclude that Captain Barney's affidavit still provided the issuing judge a substantial basis for issuing the warrant. The only information in the affidavit that is relevant to the initial entry is Captain Barney's assertion that he saw, "in plain view, some of the victim's clothing, the shoes and the shirt." After removal of this statement, the affidavit asserts that the victim was raped at the house and that her clothing, the photographs that were taken, and the instruments used in the assault remained present. This information provided the issuing judge a substantial basis for the issuance of a search warrant. See Grandstaff, 813 F.2d at 1355. Because we find that the evidence was obtained under a lawfully issued search warrant, we need not decide whether exigent circumstances justified the initial entry or whether Captain Barney performed an unlawful search when he looked into the window.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 In a memorandum disposition, this court upheld the conviction of Justine Batt for aggravated sexual abuse. United States v. Batt, No. 89-30226 (filed August 16, 1990)
 
 
 [2]
 Farmer later opened these bags while looking for medicine and food for the children. She discovered that the bags contained the victim's clothing and photographs of Batt and Bruce using a dildo on the victim during the assault
 
 
 [3]
 We reject Bruce's argument that the case must be remanded to the district court. "We are in as good a position as was the district court to assess the legal sufficiency of the redacted affidavit." Grandstaff, 813 F.2d at 1355